PEOPLE, PLAINTIFF AND APPELLEE, v. TRUJILLO, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a
Prosecution for Perjury.

No. 942.—Decided June 19, 1916.

PERJURY—VARIANCE—EVIDENCE.—A defendant charged with perjury under section 117 of the Penal Code cannot be convicted upon proof tending merely to show the offense defined in section 122; but when the evidence is susceptible of being construed to include either of the two classes of perjury, conviction under either section will be sustained.

ID.—INSTRUCTIONS TO JURY—OBJECTION.—Where perjury is charged under section 117 of the Penal Code and the lower court instructs the jury as though the offense also came under section 122, but no objection is made or exception taken, the supreme court will not take the error into consideration.

ID.—KNOWLEDGE OF FALSITY—COMPLAINT.—It is not always easy to distinguish between swearing falsely knowing that the statement is false and swearing without knowing that the statement is true; therefore the complaint should be made to include both allegations in two different counts.

The facts are stated in the opinion.
Mr. Antonio Trujillo Güil for the appellant.
Mr. Salvador Mestre, fiscal, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

There was proof in this case tending to show that Manuel Trujillo, without due investigation when the opportunity to investigate was his, recklessly swore that Esteban Morales O'Farril, a qualified voter, was not a resident of San Juan, with the intention of preventing said O'Farril from voting in the precinct where he was registered. All the elements of perjury concurred and the proof was of such a nature that the appellant might have been found guilty either under section 117 or 122 of the Penal Code, which are as follows:

"Section 117.—Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, wilfully and contrary to such oath states as true any material matter which he knows to be false, is guilty of perjury. It is no defense to a prosecution for perjury that the oath was administered or taken in an irregular manner."

"Section 122.—An unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false."

In the case of *People* v. *Pellot,* 15 P. R. R. 423, this court held that a defendant accused of perjury under section 117 of the Penal Code could not be convicted on evidence solely tending to prove a crime under séction 122. In the case of Pellot it was pointed out that there was no evidence tending to show a crime under section 117. Recently, this court decided in two cases, *People* v. *Segura* and *People* v. *Alvarez,* 23 P. R. R. 864, that where the evidence was susceptible of being interpreted as showing a false statement knowing it to be false the case of *People* v. *Pellot* could be distinguished.

The case at bar can likewise be so distinguished as there was evidence tending to show that the defendant had every opportunity to know the truth and hence the jury had the right to infer that he did know it.

The only doubt about the matter is that the court also gave the jury careful instructions just as if section 122 was also involved in the prosecution, but to these instructions no objection was made and no exception taken.

We think, therefore, that the case is a typical one for the application of the principle that this court will not take notice of errors unless exception is duly taken in the court below. *People* v. *Lebrón,* 23 P. R. R. 611, and authorities cited. If the defendant had made this objection in the court below the prosecution might have dismissed the case and begun anew. The line between swearing falsely knowing the statement to be false and swearing without knowing the statement to be true is so close that it is frequently not easy to distinguish, and the evidence here may be so interpreted. It seems to us, however, that in similar cases of perjury the prosecuting attorneys should draw an information for per-

jury with two counts so as to cover the theory of section 117 and the theory of section 122.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justice Aldrey concurred.

Justices del Toro and Hutchison concurred in the judgment.